49 F.3d 1516
 47 Soc.Sec.Rep.Ser. 151, Medicare & Medicaid Guide
P 43,204
HILLSBOROUGH COUNTY HOSPITAL AUTHORITY, d/b/a Tampa General
Hospital, et al., Plaintiffs-Appellants,
v.
Donna E. SHALALA, Secretary, United States Department of
Health and Human Services, Defendant-Appellee.
 No. 94-2050.
 United States Court of Appeals,
Eleventh Circuit.
 April 19, 1995.
 
 Nancy A. Romfh, James M. McCann, Jr., Mershon Sawyer Johnston Dunwody & Cole, West Palm Beach, FL, for appellants.
 Lana Smith Sensenig, HHS-Office of Gen. Counsel, Atlanta, GA, Warren A. Zimmerman, Asst. U.S. Atty., Tampa, FL, for appellee.
 Appeal from the United States District Court for the Middle District of Florida.
 Before DUBINA, Circuit Judge, RONEY and ESCHBACH*, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs, approximately 114 acute care hospitals ("the Hospitals") belonging to the Florida Hospital Association, appeal the district court's grant of summary judgment in favor of the Secretary of Health and Human Services ("the Secretary") denying the Hospitals' claim that they were entitled to an adjustment in their Medicare reimbursements based on the "extraordinary circumstances" exception of 42 U.S.C. Sec. 1395ww(b)(4)(A). Specifically, the district court upheld the Secretary's determination that Sec. 1395ww(b)(4)(A) was not incorporated into 42 U.S.C. Sec. 1395ww(d), Medicare's Prospective Payment System (PPS). We affirm.
 
 
 2
 This particular issue of statutory interpretation has already been addressed by three of our sister circuits. Both the D.C. Circuit and the Third Circuit have held that the Secretary could reasonably conclude that Congress did not incorporate the "extraordinary circumstances" exception of Sec. 1395ww(b)(4)(A) into the PPS. Episcopal Hospital v. Shalala, 994 F.2d 879, 884 (D.C.Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 876, 127 L.Ed.2d 73 (1994); Sacred Heart Medical Center v. Sullivan, 958 F.2d 537, 550 (3rd Cir.1992). In examining the plain language of the PPS statute, these courts point out that Sec. 1395ww(d)(1) makes no reference to Sec. 1395ww(b)(4)(A), even though it expressly refers to Sec. 1395ww(b)(3)(A), and, furthermore, the PPS contains its own list of exceptions in Sec. 1395ww(d)(5), eliminating any need to incorporate Sec. 1395ww(b)(4)(A)'s exception. See Episcopal, 994 F.2d at 883; Sacred Heart, 958 F.2d at 545. The Sacred Heart court also notes that the legislative history supports the Secretary's determination that Congress did not intend to incorporate Sec. 1395ww(b)(4)(A) into the PPS. Id., 958 F.2d at 547. Although the Ninth Circuit has expressed a contrary view on this issue, see Community Hospital of Chandler v. Sullivan, 963 F.2d 1206, 1214 n. 4 (9th Cir.1992), we nonetheless find the reasoning of the D.C. and Third Circuits persuasive. We therefore AFFIRM the judgment of the district court.
 
 
 
 *
 Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation